**REDACTED**

1  Francis J. Flynn, Jr. (SBN 304712)
   **LAW OFFICE OF FRANCIS J. FLYNN, JR.**
2  6057 Metropolitan Plz.
3  Los Angeles, California 90036
   Tele: (314) 662-2836
4  Email: *casey@lawofficeflynn.com*
5
6  *Counsel for Petitioner* **SCOTT THOMPSON,**
   **as guardian ad litem of** *A.T., a minor*
7
8
9
10
11
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA

15 | **SCOTT THOMPSON,** individually and as parent and guardian of his Minor Child A.T., and **DANIELLE THOMPSON,** individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:23-cv-09441-MWC-SK

**PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM**

[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 3/17/2025 + 3/21/2025] |
|---|---|---|
| Plaintiffs, | | |
| v. | | |
| **THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and** | | |

-1-
PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

|   |   |
|---|---|
| DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., <br><br> Defendants. | ) ) ) ) ) |

### PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

Petitioner **SCOTT THOMPSON**, the guardian ad litem of Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮, a minor age **12**, will and hereby does petition this Court for an order approving the settlement reached by the Parties, and for the distribution of the net settlement funds to a Uniform Transfers to Minors Act ("UTMA") Account for the benefit of Plaintiff, a minor, under the Uniform Transfers to Minors Act. This Petition seeks authority from the Court to compromise the minor's claim and use the settlement proceeds to reimburse counsel for costs expended and for reasonable attorney's fees.

This Petition is made on the grounds that the Court is required to safeguard the interests of litigants who are minors by conducting its own inquiry to determine whether the settlement serves the minor's best interests. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Pursuant to Central District of California Local Rule 17-1.3, this petition conforms to Cal. Civ. Proc. Code § 372, California Rule of Court 3.1384, and the Judicial Council of California MC-350 form.

The following is a description of the settlement breakdown and total settlement for Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮ submitted to the Court for approval:

| | |
|---|---|
| TOTAL SETTLEMENT FUND: | ▮▮▮▮▮ for the 3 Claimants' Cases |
| TOTAL SETTLEMENT ALLOCATION FOR MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | ▮▮▮▮▮ |
| COSTS CHARGED TO MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | $0.00 |
| TOTAL ATTORNEYS' FEES CHARGED TO MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | ▮▮▮▮▮ |
| NET RECOVERY FOR MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | ▮▮▮▮▮ |

Counsel represented Petitioner and Plaintiff pursuant to a retainer agreement providing for attorneys' fees of one-third of the recovery, which was later revised by agreement to 25% of the recovery, so the total fee for representing the minor is ▮▮▮▮▮ (or 25% of his gross recovery). In addition, in order to prosecute Plaintiff's action, Plaintiff's counsel advanced costs, which Plaintiff's Counsel has subsequently agreed to waive. Accordingly, Plaintiff's counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds to Plaintiff. Defense counsel has no objection to the proposed distribution.

This Petition is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of **Francis J. Flynn, Jr.**, the exhibits thereto, and on such other evidence as may be presented at or before a hearing on this Petition.

Respectfully submitted,

Dated: March 7, 2025   By: /s/ Francis J. "Casey" Flynn, Jr.

Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A▮▮▮▮ T▮▮▮▮▮ (A.T.), a minor**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The underlying case was a complaint for negligence and other causes of action arising from harms plaintiffs allegedly sustained as a result of a slippery poolside surface by Defendants THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC ("Disney"). As a result of Disney's alleged negligence, minor Plaintiff **A▮▮▮▮ T▮▮▮▮▮▮▮▮** ("**A.T.**") suffered personal injuries, including an abrasion to the head requiring stitches.

In or around October 2021, Plaintiffs Scott Thompson (individually and on behalf of his minor child A.T.), Danielle Thompson ("Plaintiffs") entered into settlement discussions with Defendant. Declaration of **Francis J. Flynn, Jr.** ("Flynn Decl."), ¶ 3. After vigorous arm's-length negotiations, the parties agreed to a total payment by Disney of ▮▮▮▮▮▮▮ to resolve the claims of these 3 claimants. *Id.* The Parties memorialized their agreement in a Confidential Settlement and Release of All Claims executed February 5, 2025. *See* **Flynn** Decl., **Ex. 1**.

The total settlement payment was determined by Scott Thompson, individually and on behalf of A▮▮▮ T▮▮▮▮▮▮▮ (A.T.), and Danielle Thompson. **Flynn** Decl. ¶ 5.

**SCOTT THOMPSON**, guardian ad litem for minor Plaintiff **A▮▮▮▮ T▮▮▮▮▮▮▮**, hereby submits this memorandum and proposed order for approval of the compromise in this matter, and requests the Court approve the proposed distribution of Plaintiff **A▮▮▮▮▮ T▮▮▮▮▮▮▮▮▮**'s settlement as set forth below:

TOTAL SETTLEMENT FUND:       ▮▮▮▮▮▮▮ for the 3 Claimants' Cases

TOTAL SETTLEMENT FOR
MINOR A▮▮▮▮▮ T▮▮▮▮▮▮▮▮▮:       ▮▮▮▮▮▮▮

| | | |
|---|---|---|
| COSTS CHARGED TO MINOR A▮▮▮ T▮▮▮▮: | $0.00 | |
| TOTAL ATTORNEYS' FEES CHARGED TO MINOR A▮▮▮ T▮▮▮▮: | ▮▮▮ | |
| NET RECOVERY FOR MINOR A▮▮▮ T▮▮▮▮: | ▮▮▮ | |

## II. FACTUAL BACKGROUND

### a. Litigation

On November 8, 2023, Plaintiffs brought suit individually and on behalf of all those similarly situated, asserting claims against Defendants for personal and physical injuries, and/or losses and damages sustained as a result of Defendant's poolside surfaces. On August 9, 2024, Plaintiffs filed the operative Complaint (ECF No. **41**), which continued to include the claims of Plaintiff A▮▮▮ T▮▮▮▮ (a minor who was **10 years old** at the time of the incident), by and through Plaintiff's father, **SCOTT THOMPSON**[1] as well as **DANIELLE THOMPSON** and **SCOTT THOMPSON**, individually.

In particular, Plaintiffs alleged the following: Throughout the entire FAC and specifically in paragraphs ¶¶ 30-41, Plaintiffs allege that the pool deck area of the resort was excessively slippery and is in an unsafe condition that causes and continues to cause bodily injury to Aulani guests, caused bodily injury to Minor A.T., and prohibited Plaintiffs and the Class from being able to fully utilize enjoy the pool facility. ("Slip-and-Fall Defective Condition") Plaintiffs arrived on Aulani's property on or about March 19, 2023 for a two day, one night stay. (FAC ¶42.) One of the reasons that Plaintiffs stayed at the Disney Aulani Resort and Spa was to enjoy the slides that it advertised. Plaintiffs checked in and while waiting for their rooms to be ready,

---

[1] Petitioner **SCOTT THOMPSON** has since been appointed Guardian Ad Litem for Plaintiff A▮▮▮ T▮▮▮▮. (ECF No. **61**).

Plaintiffs attempted to enjoy the poolside amenities and slides. (FAC ¶43.) The Thompson children went down the slides and upon exiting the slide and stepping out of the pool, Minor A.T. (then, age 10) slipped and fell on the slippery surface of the ground, hitting the back of his head and splitting his head open on the corner of the top step of the steps leading outside of the slides area. (FAC ¶44.)

As a result of the injury, Danielle Thompson and Scott Thompson had to take Minor A.T. to the Emergency Room for examination. (FAC ¶45.) The entire ordeal took several hours, hours they should have been relaxing in and around the pool and enjoying the amenities offered at Aulani. (FAC ¶45.) Minor A.T.'s injury required several stitches to close up the wound. (FAC ¶46.) As a result of having a wound requiring stitches, Minor A.T. was unable to get his head wet in the ocean or pool to prevent the wound from being infected for the seven (7+) remaining days of the trip. (FAC ¶46.) Furthermore, the Thompson family was unable to enjoy the rest of their stay at Aulani itself (check out was on March 20th). (FAC ¶46.) Minor A.T. even stayed inside until March 21 because of how he felt, and which impacted Minor A.T.'s family's ability to enjoy Hawaii as well during that time. (FAC. ¶42.) As a result of Minor A.T.'s fall, Minor A.T. incurred medical expenses. (FAC ¶47.)

On August 27, 2024, Disney filed a Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegations, which was fully briefed. (*See* ECF Nos. **48**, **49**, **50**).

On November 4, 2024, the Court granted Defendants' Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegation. (ECF No. **52**). Accordingly, the negligence claims of Plaintiffs, including the negligence claims of Plaintiff A▮▮▮▮▮ T▮▮▮▮▮▮▮▮, remain pending in federal court.

The Parties were able to resolve the matter through contentious and hard-fought negotiations which took place over the course of a year.

   **b.**   **Damages**

As a result of the slippery pool surfaces, Plaintiffs sustained the following damages as a result of Plaintiff A███ T███████'s fall.

| **ITEMIZED DAMAGES** | | | |
|---|---|---|---|
| Date | Amount | Description | Bates No. |
| 3/19/23 | $3,645.88 | Hospital Care and Treatment + Billing<br><br>The Emergency Group, Inc.<br>MSC 61508 PO Box 1300<br>Honolulu, HI 96807-1300<br><br>($713.36)<br><br>The Queen's Health Systems<br>P.O. Box 320010<br>Honolulu, HI 96820-0015<br><br>($2,932.52) | Thompson_000007 (The Emergency Group, Inc. (Billing)<br><br>Thompson_000008- Thompson_00009 (Queen's Health Billing);<br><br>Thompson_000010- Thompson_000014. (Hospital Care and Treatment Records) |
| 3/31/23 | $135.00 | Medical Bills (Other) – Eden Pediatrics LLC Care and Treatment + Billing<br><br>Eden Pediatrics LLC<br>1410 Industrial Park Road<br>Paris, TN  38242-6099<br><br>($135.00) | Thompson_000015 (Billing);<br><br>Thompson_000016 (Care and Treatment Records) |
| 3/15/2023- 3/26/2023 | $3,887.00 | Receipts for Flights + Baggage<br><br>839.00 + $40.00 + $30.00 + $1,659.20 + $479.80 + Value of STL/LAX tickets for ███████ who used Points for the flights (1 receipt is missing) at price of Danielle | Thompson_000027- 44 |

| Date | Amount | Description | Bates |
|---|---|---|---|
| | | and Scott Thompson's fares ($839.00) | |
| 3/20/2023 | $830.31 | Aulani Invoices<br><br>• David's Vacation Cub Rental's Receipts<br><br>($546.00) | Thompson_000017-Thompson_000019; Thompson_000020-Thompson_000021 |
| 3/20/2023-3/26/2023 | $15,538.32 | Four Seasons Invoice | Thompson_000045-Thompson_000048 |
| 3/15/2023-3/28/2023 | $1,270.37 | Rental Car Receipts<br><br>Avis ($100.79)<br><br>TURO, BMW X7 2023 ($458.43)<br><br>TURO, Jeep Wrangler Unlimited 2021 ($711.15) | Thompson_000049-Thompson_000055 |
| | $284.31 | Potential outstanding Aulani invoice | Thompson_000022-Thompson_000026 |

Based on the above, SCOTT THOMPSON, individually and on behalf of A█████ T█████████, and DANIELLE THOMPSON came to the decision to allocate the gross amount of ██████ to A███ T███████ (given his medical expenses incurred equated to $3,780.88) and ████████, collectively, to Danielle and Scott Thompson (in their individual capacity) for reimbursement of their respective losses.

### c. Attorney's Fees and Costs

Petitioner **SCOTT THOMPSON** and minor Plaintiff A█████ T█████████, and **DANIELLE THOMPSON (mother of the minor and spouse of SCOTT THOMPSON)** are represented by:

> Francis J. "Casey" Flynn, Jr.
> Law Office of Francis J. Flynn, Jr.
> 6057 Metropolitan Plz.
> Los Angeles, California 90036
> Tele: (314) 662-2836

-8-
PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

Email: casey@lawofficeflynn.com
and

Consumer Protection Legal, LLC
308 Hutchinson Road
Ellisville, Missouri 63011
Tele: (314) 541-0317
Email: info@consumerprotectionlegal.com

The retainer agreement between Plaintiffs and Plaintiffs' attorneys sets the fees for attorneys' services at **one-third** (i.e., 33.33%) of the gross recovery. Flynn Decl., **Ex. 2.** However, the agreement was subsequently modified to waive all expenses and reduced the attorney fee to 25%. This equates to a fee of ▮▮▮▮▮ (▮▮▮▮▮ **attributable to A▮▮▮ T▮▮▮▮▮▮, a minor, and** ▮▮▮▮▮ **attributable to Scott Thompson, individually, and Danielle Thompson**). A 33.33% fee is usual and customary, 25% is even less, and is, therefore, reasonable given the difficulty of the litigation, the significant motions practice involved in this case, the extensive negotiations, and the contingent nature of the fee. Flynn Decl. ¶ 10. In total, minor Plaintiff A▮▮▮▮▮ T▮▮▮▮▮▮▮'s attorneys' fees are ▮▮▮▮▮.

Plaintiff A▮▮▮▮▮ T▮▮▮▮▮▮▮'s attorneys also represent Plaintiffs SCOTT THOMPSON (individually and on behalf of his minor child A.T.) and Danielle Thompson, who are also parties to this settlement. The attorneys do not represent and are not employed by any other party or insurance carrier involved in this matter. Flynn Decl. ¶ 8.

Plaintiff's attorneys have not become involved with the petition, either directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier. Flynn Decl. ¶ 14.

    d.  **Net Recoveries to Minor**

The Petitioner respectfully requests that the Court order this final net recovery for the minor to be placed in the Missouri UTMA Account described at Flynn Decl., **Ex. 4** for the benefit of the minor. *See also*, **Ex. 3**, Statement of Accounting. Petitioner's

spouse, who is the Minor Plaintiff's mother, **DANIELLE THOMPSON**, established through online means a Missouri UTMA Account which is deemed opened in the state of residence – i.e., Missouri. The financial advisor overseeing the Missouri UTMA Account is **DANIELLE THOMPSON** (Petitioner's spouse / Minor Plaintiff's mother).

The UTMA Account purpose is to fund Plaintiff's education and for long-term capital appreciation. Petitioner believes investing for educational planning and long-term capital appreciation is in Plaintiff's best interest as Plaintiff is roughly **6 years** away from college and the funds in the Missouri UTMA Account will be used as a secondary account to assist with educational planning. If Plaintiff does not use the Missouri UTMA Account funds for educational purposes, they will be used for continued long-term capital appreciation.

### III.     LEGAL ARGUMENT

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement, the Court evaluates the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value designated to other plaintiffs and/or counsel. *Id.* at 1182. Generally, courts should approve a settlement so long as the net recovery to the minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases. *Id.* The primary focus of the court's review is whether the settlement serves the best interests of the minor plaintiff. *Id.* at 1181-82.[2]

---

[2] Some California district courts apply California state law, rather than the *Robidoux* standard in evaluating the settlement of a minor's state law claims. *See S.C. v. Alaska Airlines, Inc.*, No. CV 20-6245-RSWL-ASX, 2021 WL 3080631, at *2 n.21 (C.D. Cal. July 20, 2021). Under California law, the Court is to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Ct.*, 202 Cal. App. 4th 1333, 1338 (2012). This settlement is in the best interests of minor Plaintiff A▇▇▇ T▇▇▇▇▇.

1  The net recovery to minor Plaintiff A▮▮▮▮▮ T▮▮▮▮▮▮▮ of ▮▮▮▮▮▮ and
2  ▮▮▮▮▮▮ to SCOTT THOMPSON and DANIELLE THOMPSON, individually, is a
3  fair and reasonable net recovery in this matter and is in the best interests of minor
4  Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮.

5  Although the Court need not consider the amount of attorneys' fees in
6  determining whether a settlement is fair and reasonable, Local Rule 17-1.4 requires the
7  Court to fix the amount of attorney's fees "[i]n all actions involving the claim of a
8  minor . . . whether resolved by settlement or judgment after trial." L.R. 17-1.4. Here,
9  the extensive investigation, the law and motion work early in the case, the objecting
10 and responding to written discovery, all support the reasonableness of the requested
11 ▮▮▮▮▮▮ attorneys' fees (▮▮▮▮▮▮ attributable to A▮▮ T▮▮▮▮▮▮, a minor, and
12 ▮▮▮▮▮▮ attributable to Scott Thompson, individually, and Danielle Thompson).

### IV.   CONCLUSION

Based on the above, Petitioner respectfully requests that the court approve the settlement reached by the Parties, approve the distribution of the settlement funds as follows: (1) ▮▮▮▮▮▮ to a Missouri UTMA Account for the benefit of Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮, a minor, as described more fully at Flynn Decl., **Ex. 3**; (2) ▮▮▮▮▮▮ to SCOTT THOMPSON and DANIELLE THOMPSON, individually, as described more fully at Flynn Decl., **Ex. 3**; and (3) approve Counsel's request for a ▮▮▮▮▮▮ award of attorneys' fees (▮▮▮▮▮▮ attributable to A▮▮ T▮▮▮▮▮▮, a minor, and ▮▮▮▮▮▮ attributable to Scott Thompson, individually, and Danielle Thompson).

Respectfully submitted,

Dated: March 7, 2025    By: /s/        Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A▒▒▒▒ T▒▒▒▒▒▒▒, a minor**

## VERIFICATION

I, **SCOTT THOMPSON**, am the Guardian ad Litem for minor Plaintiff A█████ T██████, and I am the Petitioner. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/7/25                                By: _____
                                                  **SCOTT THOMPSON**

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 24, 2025</u> I served the foregoing via email on:

David C. Marcus
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Email: david.marcus@wilmerhale.com

Alan E. Schoenfeld
Ryan Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Email: alan.schoenfeld@wilmerhale.com
Email: Ryan.Chabot@wilmerhale.com

Dated: <u>March 24, 2025</u>              */s/ Francis J. Flynn, Jr.*
                                          Francis J. Flynn, Jr.