1 | Francis J. Flynn, Jr. (SBN 304712)
2 | **LAW OFFICE OF FRANCIS J. FLYNN, JR.**
3 | 6057 Metropolitan Plz.
  | Los Angeles, California 90036
4 | Tele: (314) 662-2836
  | Email: *casey@lawofficeflynn.com*
5 |
6 | *Counsel for Petitioner* **SCOTT THOMPSON,**
  | **as guardian ad litem of** *A.T., a minor*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT THOMPSON, individually and as parent and guardian of his Minor Child A.T., and DANIELLE THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and** | Case No. 2:23-cv-09441-MWC-SK<br><br>**PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM**<br><br>**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 3/17/2025 and 3/21/2025]** |

-1-
PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

| | |
|---|---|
| DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., <br><br> Defendants. | ) ) ) ) ) |

## PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

Petitioner **SCOTT THOMPSON**, the guardian ad litem of Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮, a minor age **12**, will and hereby does petition this Court for an order approving the settlement reached by the Parties, and for the distribution of the net settlement funds to a Uniform Transfers to Minors Act ("UTMA") Account for the benefit of Plaintiff, a minor, under the Uniform Transfers to Minors Act. This Petition seeks authority from the Court to compromise the minor's claim and use the settlement proceeds to reimburse counsel for costs expended and for reasonable attorney's fees.

This Petition is made on the grounds that the Court is required to safeguard the interests of litigants who are minors by conducting its own inquiry to determine whether the settlement serves the minor's best interests. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Pursuant to Central District of California Local Rule 17-1.3, this petition conforms to Cal. Civ. Proc. Code § 372, California Rule of Court 3.1384, and the Judicial Council of California MC-350 form.

The following is a description of the settlement breakdown and total settlement for Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮ submitted to the Court for approval:

| | | |
|---|---|---|
| TOTAL SETTLEMENT FUND: | $▮▮▮▮ | for the 3 Claimants' Cases |
| TOTAL SETTLEMENT ALLOCATION FOR MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | $▮▮▮▮ | |
| COSTS CHARGED TO MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | $0.00 | |
| TOTAL ATTORNEYS' FEES CHARGED TO MINOR A▮▮▮▮ T▮▮▮▮▮▮▮▮: | $▮▮▮▮ | |

NET RECOVERY FOR MINOR **$▓▓▓▓▓** A▓▓▓▓ T▓▓▓▓▓▓▓▓:

Counsel represented Petitioner and Plaintiff pursuant to a retainer agreement providing for attorneys' fees of one-third of the recovery, which was later revised by agreement to 25% of the recovery, so the total fee for representing the minor is **$▓▓▓▓▓** (or 25% of his gross recovery). In addition, in order to prosecute Plaintiff's action, Plaintiff's counsel advanced costs, which Plaintiff's Counsel has subsequently agreed to waive. Accordingly, Plaintiff's counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds to Plaintiff. Defense counsel has no objection to the proposed distribution.

This Petition is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of **Francis J. Flynn, Jr.**, the exhibits thereto, and on such other evidence as may be presented at or before a hearing on this Petition.

Dated: <u>April 15, 2025</u>                    Respectfully submitted,

<u>/s/  Francis J. "Casey" Flynn, Jr.</u>
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A▓▓▓▓ T▓▓▓▓▓▓ (A.T.), a minor**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The underlying case was a **complaint for Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, Violation of California Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et seq*; violation of various state consumer protection laws, and negligence** from harms plaintiffs allegedly sustained as a result of a slippery poolside surface by Defendants THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC ("Disney"). As a result of Disney's alleged negligence, minor Plaintiff A▬ T▬ ("A.T.") suffered personal injuries, including an abrasion to the head requiring stitches. **As a result of Disney's violation of Disney's Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, Violation of California Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et seq*; violation of various state consumer protection laws, and negligence, Plaintiffs suffered additional losses.**

**Petitioner respectfully submits that the Court's concern regarding the allocation of settlement proceeds may be based on a misapprehension of the litigation posture at the time the settlement was reached. In the Court's April 10th 2025 order, the Court indicated that the petition did not sufficiently establish that the parents had standing to recover under a negligence claim based on their child's injury. However, the settlement agreement was entered into *prior to* the Court's dismissal of Plaintiffs' economic and consumer protection claims. Furthermore, Plaintiffs continue to reserve all rights to appeal the dismissal of the consumer protection and economic claims. Thus, the settlement was structured based on a broader range of claims than those now remaining in the case. Accordingly, the**

parents do have standing for the economic damages they received in the settlement.

Furthermore, Plaintiffs are lifelong Disney fans, and this vacation to Aulani, A Disney Resort & Spa, was intended to be a dream experience. The injury suffered by Minor A.T. and the surrounding circumstances of the incident disrupted the family's enjoyment of their long-anticipated trip, including the excitement leading up to it. The family was unable to enjoy the resort as planned, and this affected not only the minor but also his parents.

As of the date of this filing, Minor A.T. does not appear to suffer from any lasting injuries. His medical care was limited to a single visit to an Emergency Room and a single follow-up visit with his primary care pediatrician. There is no indication that any permanent or ongoing medical treatment is necessary. Accordingly, Petitioners respectfully submit that the $[redacted] allocation to Minor A.T. is fair and reasonable under the circumstances, taking into account the nature and extent of his injury, the limited medical treatment required, and the broader context of the family's damages.

Petitioner therefore respectfully requests that the Court approve the instant allocation of settlement proceeds as being in the best interests of Minor A.T. and reconsider its position regarding the scope of damages and claims being settled.

**Starting in early August 2024**, Plaintiffs Scott Thompson (individually and on behalf of his minor child A.T.) **and** Danielle Thompson ("Plaintiffs") entered into settlement discussions with Defendant. Declaration of **Francis J. Flynn, Jr.** ("Flynn Decl."), ¶ 3. After vigorous arm's-length negotiations, **on October 21, 2024**, the parties agreed to a **settlement in principle with** Disney **for a total payment** of $[redacted] to resolve the claims of these 3 claimants. *Id.* **The order granting Defendant's motion to dismiss all claims except for negligence was not entered until November 4, 2024 – two weeks after the settlement in principle was entered into**. The Parties

memorialized their agreement in a Confidential Settlement and Release of All Claims executed February 5, 2025. See **Flynn** Decl., Ex. 1.

The total settlement payment was determined by Scott Thompson, individually and on behalf of A█████ T████████ (A.T.), and Danielle Thompson. **Flynn** Decl. ¶ 5.

**SCOTT THOMPSON**, guardian ad litem for minor Plaintiff A█████ T████████, hereby submits this memorandum and proposed order for approval of the compromise in this matter, and requests the Court approve the proposed distribution of Plaintiff A█████ T████████'s settlement as set forth below:

| | | |
|---|---|---|
| TOTAL SETTLEMENT FUND: | $█████ | for the 3 Claimants' Cases |
| TOTAL SETTLEMENT FOR MINOR A█████ T████████: | $█████ | |
| COSTS CHARGED TO MINOR A█████ T████████: | $0.00 | |
| TOTAL ATTORNEYS' FEES CHARGED TO MINOR A█████ T████████: | $█████ | |
| NET RECOVERY FOR MINOR A█████ T████████: | $█████ | |

## II.   FACTUAL BACKGROUND

### a.   Litigation

On November 8, 2023, Plaintiffs brought suit individually and on behalf of all those similarly situated, asserting claims against Defendants for personal and physical injuries, and/or losses and damages sustained as a result of Defendant's poolside surfaces. On August 9, 2024, Plaintiffs filed the operative Complaint (ECF No. **41**), which continued to include the claims of Plaintiff A█████ T████████ (a minor who was **10 years old** at the time of the incident), by and through Plaintiff's father,

**SCOTT THOMPSON**[1] as well as **DANIELLE THOMPSON** and **SCOTT THOMPSON**, individually.

In particular, Plaintiffs alleged the following: Throughout the entire FAC and specifically in paragraphs ¶¶ 30-41, Plaintiffs allege that the pool deck area of the resort was excessively slippery and is in an unsafe condition that causes and continues to cause bodily injury to Aulani guests, caused bodily injury to Minor A.T., and prohibited Plaintiffs and the Class from being able to fully utilize enjoy the pool facility. ("Slip-and-Fall Defective Condition") Plaintiffs arrived on Aulani's property on or about March 19, 2023 for a two day, one night stay. (FAC ¶42.) One of the reasons that Plaintiffs stayed at the Disney Aulani Resort and Spa was to enjoy the slides that it advertised. Plaintiffs checked in and while waiting for their rooms to be ready, Plaintiffs attempted to enjoy the poolside amenities and slides. (FAC ¶43.) The Thompson children went down the slides and upon exiting the slide and stepping out of the pool, Minor A.T. (then, age 10) slipped and fell on the slippery surface of the ground, hitting the back of his head and splitting his head open on the corner of the top step of the steps leading outside of the slides area. (FAC ¶44.)

As a result of the injury, Danielle Thompson and Scott Thompson had to take Minor A.T. to the Emergency Room for examination. (FAC ¶45.) The entire ordeal took several hours, hours they should have been relaxing in and around the pool and enjoying the amenities offered at Aulani. (FAC ¶45.) Minor A.T.'s injury required several stitches to close up the wound. (FAC ¶46.) As a result of having a wound requiring stitches, Minor A.T. was unable to get his head wet in the ocean or pool to prevent the wound from being infected for the seven (7+) remaining days of the trip. (FAC ¶46.) Furthermore, the Thompson family was unable to enjoy the rest of their stay at Aulani itself (check out was on March 20th). (FAC ¶46.) Minor A.T. even stayed

---

[1] Petitioner **SCOTT THOMPSON** has since been appointed Guardian Ad Litem for Plaintiff A▮▮▮▮▮ T▮▮▮▮▮▮▮▮. (ECF No. **61**).

inside until March 21 because of how he felt, and which impacted Minor A.T.'s family's ability to enjoy Hawaii as well during that time. (FAC. ¶42.) As a result of Minor A.T.'s fall, Minor A.T. incurred medical expenses. (FAC ¶47.) **Furthermore, Plaintiffs "were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct in that Plaintiffs and the other Class members incurred costs, including overpaying for their Hotel Stay and related fees that have suffered a diminution in value." (FAC ¶102). Had Plaintiffs and the other Class members known about the defective nature of the Pool Area and related services, they would not have purchased the hotel stay and related services or would not have paid the prices they paid. (FAC ¶¶ 107, 128).**

On August 27, 2024, Disney filed a Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegations, which was fully briefed. (*See* ECF Nos. **48**, **49**, **50**).

**Starting in early August 2024, Plaintiffs Scott Thompson (individually and on behalf of his minor child A.T.) and Danielle Thompson ("Plaintiffs") entered into settlement discussions with Defendant. Declaration of Francis J. Flynn, Jr. ("Flynn Decl."), ¶ 3. After vigorous arm's-length negotiations, on October 21, 2024, the parties agreed to a settlement in principle with Disney for a total payment of $_____ to resolve the claims of these 3 claimants.** *Id.*

On November 4, 2024 **– two weeks after the settlement in principle was entered into, but prior to the execution of the formal settlement agreement** - the Court granted Defendants' Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegation. (ECF No. **52**).

**The Parties memorialized their agreement in a Confidential Settlement and Release of All Claims executed February 5, 2025.** *See* **Flynn Decl., Ex. 1.**

Although the negligence claims of Plaintiffs, including the negligence claims of Plaintiff A_____ T_____, remain pending in federal court, **Plaintiffs expressly reserve the right to appeal the dismissal of their additional claims. The scope of**

**damages and the allocation were negotiated with the understanding that the injury impacted the family's entire travel experience, including costs incurred in reliance on the anticipated enjoyment of a long-awaited Disney stay. Accordingly, the parents do have standing for the economic damages they are being allocated in the settlement.**

The Parties were able to resolve the matter through contentious and hard-fought negotiations which took place over the course of a year.

      **b.**     **Damages**

As a result of the slippery pool surfaces, Plaintiffs sustained the following damages as a result of Plaintiff A███ T███████'s fall.

| ITEMIZED DAMAGES | | | |
|---|---|---|---|
| Date | Amount | Description | Bates No. |
| 3/19/23 | $3,645.88 | Hospital Care and Treatment + Billing<br><br>The Emergency Group, Inc.<br>MSC 61508 PO Box 1300<br>Honolulu, HI 96807-1300<br><br>($713.36)<br><br>The Queen's Health Systems<br>P.O. Box 320010<br>Honolulu, HI 96820-0015<br><br>($2,932.52) | Thompson_000007 (The Emergency Group, Inc. (Billing)<br><br>Thompson_000008-Thompson_00009 (Queen's Health Billing);<br><br>Thompson_000010-Thompson_000014. (Hospital Care and Treatment Records) |
| 3/31/23 | $135.00 | Medical Bills (Other) – Eden Pediatrics LLC Care and Treatment + Billing | Thompson_000015 (Billing);<br><br>Thompson_000016 |

| | | Eden Pediatrics LLC<br>1410 Industrial Park Road<br>Paris, TN  38242-6099<br><br>($135.00) | (Care and Treatment Records) |
|---|---|---|---|
| 3/15/2023-<br>3/26/2023 | $3,887.00 | Receipts for Flights + Baggage<br><br>839.00 + $40.00 + $30.00 + $1,659.20 + $479.80 + Value of STL/LAX tickets for H▇▇ + A▇▇ who used Points for the flights (1 receipt is missing) at price of Danielle and Scott Thompson's fares ($839.00) | Thompson_000027-44 |
| 3/20/2023 | $830.31 | Aulani Invoices<br><br>• David's Vacation Cub Rental's Receipts<br><br>($546.00) | Thompson_000017-Thompson_000019;<br>Thompson_000020-Thompson_000021 |
| 3/20/2023-<br>3/26/2023 | $15,538.32 | Four Seasons Invoice | Thompson_000045-Thompson_000048 |
| 3/15/2023-<br>3/28/2023 | $1,270.37 | Rental Car Receipts<br><br>Avis ($100.79)<br><br>TURO, BMW X7 2023 ($458.43)<br><br>TURO, Jeep Wrangler Unlimited 2021 ($711.15) | Thompson_000049-Thompson_000055 |
| | $284.31 | Potential outstanding Aulani invoice | Thompson_000022-Thompson_000026 |

Based on the above, SCOTT THOMPSON, individually and on behalf of A▇▇ T▇▇, and DANIELLE THOMPSON came to the decision to allocate the gross amount of $▇▇ to A▇▇ T▇▇ (given his medical expenses incurred equated to $▇▇) and $▇▇, collectively, to Danielle and Scott

Thompson (in their individual capacity) for reimbursement of their respective losses**, including payment of their son's medical bills, overpayment for their Hotel Stay and related fees that have suffered a diminution in value. Had Plaintiffs and the other Class members known about the defective nature of the Pool Area and related services, they would not have purchased the hotel stay and related services or would not have paid the prices they paid.**

        c.        **Attorney's Fees and Costs**

Petitioner **SCOTT THOMPSON** and minor Plaintiff **A▮▮▮▮ T▮▮▮▮▮▮▮▮**, and **DANIELLE THOMPSON (mother of the minor and spouse of SCOTT THOMPSON)** are represented by:

    Francis J. "Casey" Flynn, Jr.
    Law Office of Francis J. Flynn, Jr.
    6057 Metropolitan Plz.
    Los Angeles, California 90036
    Tele: (314) 662-2836
    Email: casey@lawofficeflynn.com
    and

    Consumer Protection Legal, LLC
    308 Hutchinson Road
    Ellisville, Missouri 63011
    Tele: (314) 541-0317
    Email: info@consumerprotectionlegal.com

The retainer agreement between Plaintiffs and Plaintiffs' attorneys sets the fees for attorneys' services at **one-third** (i.e., 33.33%) of the gross recovery. Flynn Decl., Ex. 5. However, the agreement was subsequently modified to waive all expenses and reduced the attorney fee to 25%. This equates to a fee of **$▮▮▮▮▮▮▮▮ ($▮▮▮▮▮▮▮▮ attributable to A▮▮▮ T▮▮▮▮▮▮▮, a minor, and $▮▮▮▮▮▮ attributable to Scott Thompson, individually, and Danielle Thompson**). A 33.33% fee is usual and customary, 25% is even less, and is, therefore, reasonable given the difficulty of the litigation, the significant motions practice involved in this case, the extensive

negotiations, and the contingent nature of the fee. Flynn Decl. ¶ 10. In total, minor Plaintiff A██████ T██████████'s attorneys' fees are $██████████.

Plaintiff A██████ T██████████'s attorneys also represent Plaintiffs SCOTT THOMPSON (individually and on behalf of his minor child A.T.) and Danielle Thompson, who are also parties to this settlement. The attorneys do not represent and are not employed by any other party or insurance carrier involved in this matter. Flynn Decl. ¶ 8.

Plaintiff's attorneys have not become involved with the petition, either directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier. Flynn Decl. ¶ 14.

### d. Net Recoveries to Minor

The Petitioner respectfully requests that the Court order this final net recovery for the minor to be placed in the UTMA Account described at Flynn Decl., Ex. 7 for the benefit of the minor. Petitioner's spouse and Plaintiff's mother, **DANIELLE THOMPSON**, has established a UTMA Account with [INSERT BANK] in Saint Louis, Missouri. The proposed financial advisors overseeing the UTMA Account are **DANIELLE THOMPSON** (Plaintiff's mother).

The UTMA Account purpose is to fund Plaintiff's education and for long-term capital appreciation. Petitioner believes investing for educational planning and long-term capital appreciation is in Plaintiff's best interest as Plaintiff is roughly **6 years** away from college and the funds in the UTMA Account will be used as a secondary account to assist with educational planning. If Plaintiff does not use the UTMA Account funds for educational purposes, they will be used for continued long-term capital appreciation.

### III. LEGAL ARGUMENT

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement, the Court

evaluates the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value designated to other plaintiffs and/or counsel. *Id.* at 1182. Generally, courts should approve a settlement so long as the net recovery to the minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases. *Id.* The primary focus of the court's review is whether the settlement serves the best interests of the minor plaintiff. *Id.* at 1181-82.[2]

The net recovery to minor Plaintiff A▓▓▓ T▓▓▓▓▓▓ of $▓▓▓▓▓ and $▓▓▓▓▓ to SCOTT THOMPSON and DANIELLE THOMPSON, individually, is a fair and reasonable net recovery in this matter and is in the best interests of minor Plaintiff A▓▓▓ T▓▓▓▓▓▓.

Although the Court need not consider the amount of attorneys' fees in determining whether a settlement is fair and reasonable, Local Rule 17-1.4 requires the Court to fix the amount of attorney's fees "[i]n all actions involving the claim of a minor . . . whether resolved by settlement or judgment after trial." L.R. 17-1.4. Here, the extensive investigation, the law and motion work early in the case, the objecting and responding to written discovery, all support the reasonableness of the requested $▓▓▓▓▓ attorneys' fees ($▓▓▓▓▓ attributable to A▓▓▓ T▓▓▓▓▓, a minor, and $▓▓▓▓▓ attributable to Scott Thompson, individually, and Danielle Thompson).

### A. CLARIFICATION OF PRIOR ORDER

**Petitioner respectfully submits that the Court's March 26, 2025 Order (Dkt. 74) and the Court's April 10, 2025 Order (Dkt. 80) may be based on a misapprehension of the posture of the case at the time of settlement. In the April 10th 2025 order, the Court indicated that the petition did not sufficiently establish**

---

[2] Some California district courts apply California state law, rather than the *Robidoux* standard in evaluating the settlement of a minor's state law claims. *See S.C. v. Alaska Airlines, Inc.*, No. CV 20-6245-RSWL-ASX, 2021 WL 3080631, at *2 n.21 (C.D. Cal. July 20, 2021). Under California law, the Court is to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Ct.*, 202 Cal. App. 4th 1333, 1338 (2012). This settlement is in the best interests of minor Plaintiff A▓▓▓ T▓▓▓▓▓▓.

that the parents had standing to recover under a negligence claim based on their child's injury.

Nevertheless, a settlement in principle was negotiated and entered into prior to the Court's November 4, 2024 Order dismissing Plaintiffs' consumer protection and economic damages claims. Thus, the allocation of settlement proceeds reflected a broader spectrum of claims than those that now remain.

Moreover, Plaintiffs expressly reserve the right to appeal the dismissal of those additional claims. The scope of damages and the allocation were negotiated with the understanding that the injury impacted the family's entire travel experience, including costs incurred in reliance on the anticipated enjoyment of a long-awaited Disney stay. Accordingly, the parents do have standing for the economic damages they are being allocated in the settlement.

### B. CONTEXT AND REASONABLENESS OF ALLOCATION

Petitioners are enthusiastic fans of Disney, and the vacation to Aulani was meant to be a part dream family trip. The incident and injury to Minor A.T. disrupted this experience, including the family's enjoyment and use of the resort, and affected the entire vacation. Although Minor A.T. was the only person physically injured, the emotional and logistical consequences extended to the parents.

Importantly, as of the date of this Petition, Minor A.T. does not appear to have sustained any lasting injuries. His treatment was limited to a single emergency room visit, and primary care pediatrician check up, and there is no indication of continuing medical need. In light of this, the proposed allocation of $[redacted] to Minor A.T. is fair and reasonable and reflective of the actual medical expenses, the pain and suffering incurred, and the likelihood of no future damages.

| | |
|---|---|
| 1 | **IV.     CONCLUSION** |
| 2 | **For the reasons stated above, Petitioner respectfully requests that the Court |
| 3 | approve the proposed compromise and settlement of Minor A.T.'s claim as being |
| 4 | fair, reasonable, and in the best interest of the minor and** approve the distribution |
| 5 | of the settlement funds as follows: (1) $▮▮▮▮▮ to a UTMA Account for the benefit |
| 6 | of Plaintiff A▮▮▮ T▮▮▮▮▮, a minor, as described more fully at Flynn Decl., |
| 7 | Ex. 7; (2) $▮▮▮▮ to SCOTT THOMPSON and DANIELLE THOMPSON, |
| 8 | individually, as described more fully at Flynn Decl., Ex. 7;  and (3) approve Counsel's |
| 9 | request for a $▮▮▮▮ award of attorneys' fees ($▮▮▮▮ attributable to A▮▮ |
| 10 | T▮▮▮, a minor, and $▮▮▮▮ attributable to Scott Thompson, individually, and |
| 11 | Danielle Thompson). **In the alternative, Plaintiffs request that the Court makes its |
| 12 | recommendation of what the Court believes would be a fair division of the |
| 13 | settlement.** |

Respectfully submitted,

Dated: 4/22/2025     By:  /s/     Francis J. "Casey" Flynn, Jr.

Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A▮▮▮▮ ▮▮▮▮▮, a minor**

## VERIFICATION

I, **SCOTT THOMPSON**, am the Guardian ad Litem for minor Plaintiff A█████ T████████ and I am the Petitioner. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 4/15/2025           By: _____
                                **SCOTT THOMPSON**

**CERTIFICATE OF SERVICE**

I hereby certify that, on  4/22/2025  , I served the foregoing via email on:

David C. Marcus
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Email: david.marcus@wilmerhale.com

Alan E. Schoenfeld
Ryan Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Email: alan.schoenfeld@wilmerhale.com
Email: Ryan.Chabot@wilmerhale.com

Dated:  4/22/2025                    /s/ Francis J. Flynn, Jr.
                                     Francis J. Flynn, Jr.