1 | Francis J. Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
2 | 6057 Metropolitan Plz.
3 | Los Angeles, California 90036
Tele: (314) 662-2836
4 | Email: *casey@lawofficeflynn.com*
5 |
6 | *Counsel for Petitioner* **SCOTT THOMPSON,**
*as guardian ad litem of* **A.T., *a minor***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT THOMPSON, individually and as parent and guardian of his Minor Child A.T., and DANIELLE THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and | Case No. 2:23-cv-09441-MWC-SK<br><br>**PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM**<br><br>[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 3/17/2025 and 3/21/2025] |

-1-
PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

| DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., | ) ) ) ) ) |
|---|---|
| Defendants. | |

### PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM

Petitioner **SCOTT THOMPSON**, the guardian ad litem of Plaintiff A▬ T▬, a minor age ▬, will and hereby does petition this Court for an order approving the settlement reached by the Parties, and for the distribution of the net settlement funds to a Blocked Account for the benefit of Plaintiff, a minor. This Petition seeks authority from the Court to compromise the minor's claim and use the settlement proceeds to reimburse counsel for reasonable attorneys fees and the remainder of the proceeds to be placed in a Blocked Account for the benefit of A.T.

This Petition is made on the grounds that the Court is required to safeguard the interests of litigants who are minors by conducting its own inquiry to determine whether the settlement serves the minor's best interests. *See Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Pursuant to Central District of California Local Rule 17-1.3, this petition conforms to Cal. Civ. Proc. Code § 372, California Rule of Court 3.1384, and the Judicial Council of California MC-350 form.

The following is a description of the settlement breakdown and total settlement for Plaintiff A▬ T▬ submitted to the Court for approval:

TOTAL SETTLEMENT FUND:     $▬ for the 3 Claimants' Cases

TOTAL SETTLEMENT ALLOCATION FOR MINOR A▬ T▬:     $▬

COSTS CHARGED TO MINOR A▬ T▬:     $0.00

TOTAL ATTORNEYS' FEES CHARGED TO MINOR A▬ T▬:     $▬

NET RECOVERY FOR MINOR A▬ T▬:     $▬

Counsel represented Petitioner and Plaintiff pursuant to a retainer agreement providing for attorneys' fees of one-third of the recovery, which was later revised by agreement to 25% of the recovery, so the total fee for representing the minor is $█████ (or 25% of his gross recovery). In addition, in order to prosecute Plaintiff's action, Plaintiff's counsel advanced costs, which Plaintiff's Counsel has subsequently agreed to waive. Accordingly, Plaintiff's counsel respectfully requests that the Court approve the above-described distribution of the settlement proceeds as set forth above. Defense counsel has no objection to the proposed distribution.

This Petition is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of **Francis J. Flynn, Jr.**, the exhibits thereto, and on such other evidence as may be presented at or before a hearing on this Petition.

Dated: June 11, 2025                                  Respectfully submitted,

/s/  Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A█████ T█████ (A.T.), a minor**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

As a result of Disney's alleged negligence, minor Plaintiff **A████ T███████** ("**A.T.**") suffered personal injuries, including an abrasion to the head requiring stitches.

Although the parents suffered alleged economic losses associated with their disrupted vacation, the child, A.T., was the only individual to suffer a physical injury due to the Defendants' alleged negligence. He required emergency medical treatment, suffered pain and disruption to his trip, and may experience long-term emotional effects from the incident, and as of the date of this filing is unable to enjoy watching the Disney Channel.

Because the remaining claim in this case is for negligence—under which the minor is the sole claimant with standing—it is appropriate that the entire recovery, aside from attorneys' fees, be allocated to A.T. This revised allocation ensures compliance with the Court's concerns as articulated in its April 10, 2025 order and aligns with the governing legal standards under *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011), by maximizing the minor's net benefit from the settlement.

**Petitioner therefore respectfully requests that the Court approve the settlement proceeds as being in the best interests of Minor A.T.**

**Starting in early August 2024**, Plaintiffs Scott Thompson (individually and on behalf of his minor child A.T.) **and** Danielle Thompson ("Plaintiffs") entered into settlement discussions with Defendant. Declaration of **Francis J. Flynn, Jr.** ("Flynn Decl."), ¶ 3. After vigorous arm's-length negotiations, **on October 21, 2024**, the parties agreed to a **settlement in principle with** Disney **for a total payment** of $██████ to resolve the claims of these 3 claimants. *Id.* **The order granting Defendant's motion to dismiss all claims except for negligence was not entered until November 4, 2024 – two weeks after the settlement in principle was entered into**. The Parties

1  memorialized their agreement in a Confidential Settlement and Release of All Claims
2  executed in **May 2025**. See **Flynn** Decl., Ex. 1.

3      The total settlement payment was determined by Scott Thompson, individually
4  and on behalf of A▮▮▮ T▮▮▮▮▮▮ (A.T.), and Danielle Thompson. **Flynn** Decl. ¶ 3-5.

5      **SCOTT THOMPSON**, guardian ad litem for minor Plaintiff A▮▮▮
6  T▮▮▮▮▮▮, hereby submits this memorandum and proposed order for approval of
7  the compromise in this matter, and requests the Court approve the proposed distribution
8  of Plaintiff A▮▮▮ T▮▮▮▮▮▮'s settlement as set forth below:

| | | |
|---|---|---|
| TOTAL SETTLEMENT FUND: | $▮▮▮ | for the 3 Claimants' Cases |
| TOTAL SETTLEMENT FOR MINOR A▮▮▮ T▮▮▮▮▮▮: | $▮▮▮ | |
| COSTS CHARGED TO MINOR A▮▮▮ T▮▮▮▮▮▮: | $0.00 | |
| TOTAL ATTORNEYS' FEES CHARGED TO MINOR A▮▮▮ T▮▮▮▮▮▮: | $▮▮▮ | |
| NET RECOVERY FOR MINOR A▮▮▮ T▮▮▮▮▮▮: | $▮▮▮ | |

## II.    FACTUAL BACKGROUND

### a.    Litigation

On November 8, 2023, Plaintiffs brought suit individually and on behalf of all those similarly situated, asserting claims against Defendants for personal and physical injuries, and/or losses and damages sustained as a result of Defendant's poolside surfaces. On August 9, 2024, Plaintiffs filed the operative Complaint (ECF No. **41**), which continued to include the claims of Plaintiff A▮▮▮ T▮▮▮▮▮▮ (a minor who was **10 years old** at the time of the incident), by and through Plaintiff's father,

**SCOTT THOMPSON**[1] as well as **DANIELLE THOMPSON** and **SCOTT THOMPSON**, individually.

In particular, Plaintiffs alleged the following: Throughout the entire FAC and specifically in paragraphs ¶¶ 30-41, Plaintiffs allege that the pool deck area of the resort was excessively slippery and is in an unsafe condition that causes and continues to cause bodily injury to Aulani guests, caused bodily injury to Minor A.T., and prohibited Plaintiffs and the Class from being able to fully utilize enjoy the pool facility. ("Slip-and-Fall Defective Condition") Plaintiffs arrived on Aulani's property on or about March 19, 2023 for a two day, one night stay. (FAC ¶42.) One of the reasons that Plaintiffs stayed at the Disney Aulani Resort and Spa was to enjoy the slides that it advertised. Plaintiffs checked in and while waiting for their rooms to be ready, Plaintiffs attempted to enjoy the poolside amenities and slides. (FAC ¶43.) The Thompson children went down the slides and upon exiting the slide and stepping out of the pool, Minor A.T. (then, age 10) slipped and fell on the slippery surface of the ground, hitting the back of his head and splitting his head open on the corner of the top step of the steps leading outside of the slides area. (FAC ¶44.)

As a result of the injury, Danielle Thompson and Scott Thompson had to take Minor A.T. to the Emergency Room for examination. (FAC ¶45.) The entire ordeal took several hours, hours they should have been relaxing in and around the pool and enjoying the amenities offered at Aulani. (FAC ¶45.) Minor A.T.'s injury required several stitches to close up the wound. (FAC ¶46.) As a result of having a wound requiring stitches, Minor A.T. was unable to get his head wet in the ocean or pool to prevent the wound from being infected for the seven (7+) remaining days of the trip. (FAC ¶46.) Furthermore, the Thompson family was unable to enjoy the rest of their stay at Aulani itself (check out was on March 20th). (FAC ¶46.) Minor A.T. even stayed

---

[1] Petitioner **SCOTT THOMPSON** has since been appointed Guardian Ad Litem for Plaintiff A▇▇▇ T▇▇▇▇▇. (ECF No. **61**).

inside until March 21 because of how he felt, and which impacted Minor A.T.'s family's ability to enjoy Hawaii as well during that time. (FAC. ¶42.) As a result of Minor A.T.'s fall, Minor A.T. incurred medical expenses. (FAC ¶47.)

On August 27, 2024, Disney filed a Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegations, which was fully briefed. (*See* ECF Nos. **48**, **49**, **50**).

On November 4, 2024 **– two weeks after the settlement in principle was entered into, but prior to the execution of the formal settlement agreement** - the Court granted Defendants' Motion to Dismiss all but Plaintiffs' negligence claims and to Strike Class Allegation. (ECF No. **52**).

**The Parties memorialized their agreement in a Confidential Settlement and Release of All Claims executed originally on February 5, 2025 and subsequently revised in May 2025.** *See* **Flynn Decl., Ex. 1.**

The Parties were able to resolve the matter through contentious and hard-fought negotiations which took place over the course of a year.

    b.    Damages

As a result of the slippery pool surfaces, Plaintiffs sustained the following damages as a result of Plaintiff A▮▮▮▮ T▮▮▮▮▮▮▮▮'s fall.

| ITEMIZED DAMAGES | | | |
|---|---|---|---|
| Date | Amount | Description | Bates No. |
| 3/19/23 | $3,645.88 | Hospital Care and Treatment + Billing<br><br>The Emergency Group, Inc.<br>MSC 61508 PO Box 1300<br>Honolulu, HI 96807-1300<br><br>($713.36)<br><br>The Queen's Health Systems<br>P.O. Box 320010<br>Honolulu, HI 96820-0015 | Thompson_000007 (The Emergency Group, Inc. (Billing)<br><br><br><br>Thompson_000008-Thompson_00009 (Queen's Health |

| | | | |
|---|---|---|---|
| | | ($2,932.52) | Billing);<br><br>Thompson_000010-Thompson_000014. (Hospital Care and Treatment Records) |
| 3/31/23 | $135.00 | Medical Bills (Other) – Eden Pediatrics LLC Care and Treatment + Billing<br><br>Eden Pediatrics LLC<br>1410 Industrial Park Road<br>Paris, TN  38242-6099<br><br>($135.00) | Thompson_000015 (Billing);<br><br>Thompson_000016 (Care and Treatment Records) |
| 3/15/2023-3/26/2023 | $3,887.00 | Receipts for Flights + Baggage<br><br>839.00 + $40.00 + $30.00 + $1,659.20 + $479.80 + Value of STL/LAX tickets for H███ + A███ who used Points for the flights (1 receipt is missing) at price of Danielle and Scott Thompson's fares ($839.00) | Thompson_000027-44 |
| 3/20/2023 | $830.31 | Aulani Invoices<br><br>• David's Vacation Cub Rental's Receipts<br><br>($546.00) | Thompson_000017-Thompson_000019; Thompson_000020-Thompson_000021 |
| 3/20/2023-3/26/2023 | $15,538.32 | Four Seasons Invoice | Thompson_000045-Thompson_000048 |
| 3/15/2023-3/28/2023 | $1,270.37 | Rental Car Receipts<br><br>Avis ($100.79)<br><br>TURO, BMW X7 2023 ($458.43) | Thompson_000049-Thompson_000055 |

|  |  | TURO, Jeep Wrangler Unlimited 2021 ($711.15) |  |
|---|---|---|---|
|  | $284.31 | Potential outstanding Aulani invoice | Thompson_000022-Thompson_000026 |

Based on the above, although the parents suffered alleged economic losses associated with their disrupted vacation, the child, A.T., was the only individual to suffer a physical injury due to the Defendants' alleged negligence. He required emergency medical treatment, suffered pain and disruption to his trip, and may experience long-term emotional effects from the incident, and as of the date of this filing, is unable to enjoy watching the Disney Channel.

Because the remaining claim in this case is for negligence—under which the minor is the sole claimant with standing—it is appropriate that the entire recovery, aside from attorneys' fees, be allocated to A.T. This revised allocation ensures compliance with the Court's concerns as articulated in its April 10, 2025 order and aligns with the governing legal standards under *Robidoux v. Rosengren*, 638 F.3d 1177 (9th Cir. 2011), by maximizing the minor's net benefit from the settlement.

**<u>Petitioner therefore respectfully requests that the Court approve the settlement proceeds as being in the best interests of Minor A.T.</u>**

Petitioner **SCOTT THOMPSON** and minor Plaintiff **A▇▇▇ T▇▇▇▇**, and **DANIELLE THOMPSON (mother of the minor and spouse of SCOTT THOMPSON)** are represented by:

> Francis J. "Casey" Flynn, Jr.
> Law Office of Francis J. Flynn, Jr.
> 6057 Metropolitan Plz.
> Los Angeles, California 90036
> Tele: (314) 662-2836
> Email: casey@lawofficeflynn.com
> and
>
> Consumer Protection Legal, LLC

308 Hutchinson Road
Ellisville, Missouri 63011
Tele: (314) 541-0317
Email: info@consumerprotectionlegal.com

The retainer agreement between Plaintiffs and Plaintiffs' attorneys sets the fees for attorneys' services at **one-third** (i.e., 33.33%) of the gross recovery. Flynn Decl., Ex. 3. However, the agreement was subsequently modified to waive all expenses and reduced the attorney fee to 25%. This equates to a fee of **$_____ (attributable to A____ T____, a minor, and $____ attributable to Scott Thompson, individually, and Danielle Thompson**). A 33.33% fee is usual and customary, 25% is even less, and is, therefore, reasonable given the difficulty of the litigation, the significant motions practice involved in this case, the extensive negotiations, and the contingent nature of the fee. Flynn Decl. ¶9-13. In total, minor Plaintiff A____ T____'s attorneys' fees are $_____.

Plaintiff A____ T____'s attorneys also represent Plaintiffs SCOTT THOMPSON (individually and on behalf of his minor child A.T.) and Danielle Thompson, who are also parties to this settlement. The attorneys do not represent and are not employed by any other party or insurance carrier involved in this matter. Flynn Decl. ¶ 8. Plaintiff's attorneys have not become involved with the petition, either directly or indirectly, at the instance of any party against whom the claim is asserted or of any party's insurance carrier.  Flynn Decl. ¶ 14.

c.   **Net Recoveries to Minor**

The Petitioner respectfully requests that the Court order this final net recovery for the minor to be placed in a FDIC insured Blocked Account for the benefit of the minor. Petitioner SCOTT THOMPSON, A.T.'s father and Guardian ad Litem will deposit the net settlement funds in the FDIC insured Blocked Account in St. Louis, Missouri for the benefit of A.T. To open the account, SCOTT THOMPSON must provide a copy of the Court Order to the bank authorizing the FDIC insured Blocked Account ("Blocked Account") to be opened and for the net settlement funds

to be deposited into it.

The Blocked Account will serve the best interests of the child because the it will protect the minor's funds as the funds cannot be released from the Blocked Account without Court order or after the date on which the minor reaches the age of majority. Further, the Court has expressed that the Court will only approve the minor's compromise if the minor's net settlement funds are placed in a Blocked Account. A copy of the proposed Order authorizing the opening of the FDIC insured Blocked Account is attached to Flynn Decl. as **Exhibit 4.** Flynn Decl. ¶ 15.

### III.     LEGAL ARGUMENT

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement, the Court evaluates the fairness of the minor plaintiff's net recovery without regard to the proportion of the total settlement value designated to other plaintiffs and/or counsel. *Id.* at 1182. Generally, courts should approve a settlement so long as the net recovery to the minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases. *Id.* The primary focus of the court's review is whether the settlement serves the best interests of the minor plaintiff. *Id.* at 1181-82.[2]

The net recovery to minor Plaintiff A▓▓▓ T▓▓▓▓▓▓ of $▓▓▓▓▓ and $▓▓ to SCOTT THOMPSON and DANIELLE THOMPSON, individually, is a fair and reasonable net recovery in this matter and is in the best interests of minor Plaintiff A▓▓▓ T▓▓▓▓▓▓.

Although the Court need not consider the amount of attorneys' fees in determining whether a settlement is fair and reasonable, Local Rule 17-1.4 requires the

---

[2] Some California district courts apply California state law, rather than the *Robidoux* standard in evaluating the settlement of a minor's state law claims. *See S.C. v. Alaska Airlines, Inc.*, No. CV 20-6245-RSWL-ASX, 2021 WL 3080631, at *2 n.21 (C.D. Cal. July 20, 2021). Under California law, the Court is to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Ct.*, 202 Cal. App. 4th 1333, 1338 (2012). This settlement is in the best interests of minor Plaintiff A▓▓▓ T▓▓▓▓▓▓.

1  Court to fix the amount of attorney's fees "[i]n all actions involving the claim of a
2  minor . . . whether resolved by settlement or judgment after trial." L.R. 17-1.4. Here,
3  the extensive investigation, the law and motion work early in the case, the objecting
4  and responding to written discovery, all support the reasonableness of the requested
5  $███████ attorneys' fees ($███████ attributable to A███ T███████ a minor, and
6  $███ attributable to Scott Thompson, individually, and Danielle Thompson).

## CONCLUSION

**For the reasons stated above, Petitioner respectfully requests that the Court approve the proposed compromise and settlement of Minor A.T.'s claim as being fair, reasonable, and in the best interest of the minor and** approve the distribution of the settlement funds as follows: (1) $███████ to a Blocked Account for the benefit of Plaintiff A██████ T███████, a minor, as described more fully at Flynn Decl., Ex. 3; (2) $████ to SCOTT THOMPSON and DANIELLE THOMPSON, individually, as described more fully at Flynn Decl., Ex. 3; and (3) approve Counsel's request for a $███████ award of attorneys' fees ($███████ attributable to A███ T███████, a minor, and $████ attributable to Scott Thompson, individually, and Danielle Thompson). Flynn Decl, Ex. 3.

Dated: June 11, 2025

Respectfully submitted,

By: /s/    Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON, as Guardian ad Litem of A██████ T███████, a minor**

## VERIFICATION

I, **SCOTT THOMPSON**, am the Guardian ad Litem for minor Plaintiff **A████ T████████**, and I am the Petitioner. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 6/11/2025

By: _____
**SCOTT THOMPSON**

# CERTIFICATE OF SERVICE

I hereby certify that, on     June 11, 2025    , I served the foregoing via email on:

David C. Marcus
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Email: david.marcus@wilmerhale.com

Alan E. Schoenfeld
Ryan Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Email: alan.schoenfeld@wilmerhale.com
Email: Ryan.Chabot@wilmerhale.com


Dated:  June 11, 2025                    */s/ Francis J. Flynn, Jr.*
                                          Francis J. Flynn, Jr.