Francis J. Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner* **SCOTT THOMPSON,**
**as guardian ad litem of** *A.T., a minor*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT THOMPSON, individually and as parent and guardian of his Minor Child A.T., and DANIELLE THOMPSON, individually and on behalf of all others similarly situated,**<br><br>                    **Plaintiffs,**<br><br>            **v.**<br><br>**THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and** | Case No.: 2:23-cv-09441-FMO-SK<br><br>**DECLARATION OF FRANCIS J. FLYNN, JR. IN SUPPORT OF PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM**<br><br>**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 3/17/2025 and 3/21/2025]** |

| DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., | ) | |
| Defendants. | ) ) ) ) | |

I, Francis J. Flynn, Jr., declare as follows:

1.      That I am an attorney licensed to practice law in this United States District Court. I am the attorney of record for Petitioner and for Plaintiff A█████ T█████████, a minor, **age** ██. I have personal knowledge of the matter stated herein and would and could testify competently thereto if called. I make this declaration in support of the above application.

2.      The nature of Plaintiff A███████ T██████████'s claims in this lawsuit are set forth in the operative complaint in this action.

3.      Starting in early August 2024, Plaintiffs Scott Thompson (individually and on behalf of his minor child A.T.), and Danielle Thompson ("Plaintiffs") entered into settlement discussions with Defendant. After vigorous arm's-length negotiations, on October 21, 2024, the parties agreed to a settlement in principle with Disney for a total payment of $█████ to resolve the claims of these 3 claimants.

4.      The Parties subsequently memorialized their agreement in a Confidential Settlement and Release of All Claims. Attached hereto and incorporated by reference as **Exhibit 1** is a true and correct copy of the Confidential Settlement and Release of All Claims.

5.      The Petitioner, **SCOTT THOMPSON**, petitions the court for approval of the settlement amount for the injuries sustained. I am of the opinion that this is a fair and reasonable settlement.

6.      In light of the nature of the claims and damages, minor Plaintiff A█████ T█████████ did not incur any medical liens or other reimbursement obligations, other than for attorneys' fees and costs as set forth below.

7.      Petitioner **SCOTT THOMPSON** and minor Plaintiff A█████ T█████████ are represented by:

Francis J. "Casey" Flynn, Jr.
Law Office of Francis J. Flynn, Jr.
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: casey@lawofficeflynn.com

Consumer Protection Legal, LLC
308 Hutchinson Road
Ellisville, Missouri 63011
Tele: (314) 541-0317
Email: tiffany@consumerprotectionlegal.com

8.     Plaintiff A██████ T██████████'s attorneys also represent Plaintiffs SCOTT THOMPSON (individually and on behalf of his minor child A.T.) and Danielle Thompson, who are also parties to this settlement. The attorneys do not represent and are not employed by any other party or insurance carrier involved in this matter.

9.     The retainer agreement between Plaintiffs and Plaintiffs' attorneys set the fees for attorneys' services at **one-third** (i.e., 33.33%) of the gross recovery. Flynn Decl., **Exhibit 2**. However, the agreement was subsequently modified to waive all expenses and reduced the attorney fee to 25%. Attached hereto and incorporated by reference as **Exhibit 2** is a true and correct copy of the original retainer agreement.

10.     A 33.33% fee is usual and customary, 25% is even less, and is reasonable given the difficulty of the litigation, the significant motions practice involved in this case, the extensive negotiations, and the contingent nature of the fee.

11.     Additionally, Plaintiffs' attorneys incurred costs that were reasonable and necessary in the prosecution of this matter for which Plaintiffs' counsel will not seek reimbursement, as Plaintiffs' attorneys agreed to waive said expenses.

12.     Attached hereto and incorporated by reference as **Exhibit 3** is a true and correct copy of the Statement of Accounting for Plaintiff A██████ T██████████.

13.     The extensive investigation, the law and motion work early in the case, the objecting and responding to written discovery, all support the reasonableness of the

DECLARATION OF FRANCIS J. FLYNN, JR. IN SUPPORT OF PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIMS

requested $█████ award of attorneys' fees ($█████ attributable to A█████
T█████, a minor, and █████attributable to Scott Thompson, individually, and
Danielle Thompson).

14.    Plaintiff **A█████ T█████**'s attorneys have not become involved
with the petition, either directly or indirectly, at the instance of any party against
whom the claim is asserted or of any party's insurance carrier.

15.    Attached hereto as **Exhibit 4** is a proposed Order to Deposit Funds in a
FDIC insured Blocked Account, which will enable SCOTT THOMPSON, Petitioner
and Guardian ad Litem to open the Blocked Account as outlined in the Proposed Order
and requests that the net settlement amount for **A.T.** be deposited.

I declare under penalty of perjury of the laws of the United States of America
that the foregoing is true and correct, and that this Declaration was executed June 11 ,
2025 in Los Angeles, California.


/s/ Francis J. Flynn, Jr.
Francis J. "Casey" Flynn, Jr. (SBN 304712)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Tele: (314) 662-2836
Email: *casey@lawofficeflynn.com*

*Counsel for Petitioner **SCOTT THOMPSON,***
**as guardian ad litem of *A.T., a minor***


## CERTIFICATE OF SERVICE

I hereby certify that on _____June 11, 2025_____ I served the foregoing via
email on:

David C. Marcus
Wilmer Cutler Pickering Hale and Dorr LLP

DECLARATION OF FRANCIS J. FLYNN, JR. IN SUPPORT OF PETITION TO APPROVE
COMPROMISE OF MINOR'S CLAIMS

350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Email: david.marcus@wilmerhale.com

Alan E. Schoenfeld
Ryan Chabot
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Email: alan.schoenfeld@wilmerhale.com
Email: Ryan.Chabot@wilmerhale.com

Dated: June 11, 2025

/s/ Francis J. Flynn, Jr.
Francis J. Flynn, Jr.

DECLARATION OF FRANCIS J. FLYNN, JR. IN SUPPORT OF PETITION TO APPROVE
COMPROMISE OF MINOR'S CLAIMS

# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AND RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of payment of 25% of ████████████ ████████ (the "Settlement Amount"), by check payable to Plaintiffs' Counsel, and 75% of ████████████████████ to Plaintiffs A███ T████ (a minor, by and through, my guardian Scott Thompson), Scott Thompson, and Danielle Thompson ("Plaintiffs"), we, A███ T████ (a minor, by and through, my guardian Scott Thompson), Scott Thompson, and Danielle Thompson do hereby release, acquit and forever discharge The Walt Disney Company; Disney Vacation Club Hawaii Management Company, LLC; Disney Vacation Development, LLC; Disney Parks, Experiences, and Products, LLC; and their parents, affiliated and related companies, directors, officers, employees, contractors, subcontractors, and agents (hereinafter collectively "Releasees") of and from any and all rights, claims, demands, actions, causes of action, damages, costs, losses of services, compensation, contracts, agreements, and debts (hereinafter collectively "Claims") that we now have or may hereafter accrue or arise from any matters, acts, occurrences, events, contracts, omissions, and/or causes from, the beginning of time to the date this Confidential Settlement and Release of All Claims ("Settlement and Release") is signed, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, that were or could have been alleged in the action *Thompson et al. v. The Walt Disney Company et al.*, No. 2:23-cv-09441-FMO-SK (C.D. Cal.) (the "Action"), including but not limited to those arising out of or related to the incident alleged in the Action to have occurred on or about March 19, 2023 at the Aulani, a Disney Resort & Spa, Ko Olina, Hawai'i ("Aulani") (the "Incident") and the Releasees' associated marketing and advertising materials related to, concerning, or about Aulani. We further agree to dismiss the

Page 1 of 10

Initial Page

Initial Page

Initial Page

Action with prejudice within 10 days of receipt of the settlement payment and following Court approval of the compromise of the claim of the minor, A█████ T█████ ("Minor's Compromise").

We hereby represent and warrant that we have not heretofore assigned or transferred to anyone any Claims, which would otherwise be released hereby.

We hereby represent and warrant that in executing this Confidential Settlement and Release, we understand and agree that we are relying wholly upon our own judgment, belief and knowledge of the nature, extent, and duration of any injuries or Claims and that we have not been influenced to any extent whatsoever in making this release by any representations or statements by or on behalf of Releasees, which are not contained herein.

We do hereby agree that we will not disclose or discuss the facts of the Action, the Incident, the Claims, the Settlement Amount, or the terms or fact of this Confidential Settlement and Release, with any person not a party to this Confidential Settlement and Release, except as required by law. The terms of this Confidential Settlement and Release, and any negotiations in relation thereto, are confidential, and we agree by acceptance of this Confidential Settlement and Release not to disclose the terms or amount of settlement or the facts of the incident to any person not a party to this Confidential Settlement and Release. We agree that neither we, nor any person acting at our direction, will initiate any contact regarding the Action, the Incident, the Settlement Amount, the Claims, or this Confidential Settlement and Release with any person not a party to this Confidential Settlement and Release, including but not limited to representatives of the media, such as but not limited to any newspaper, television, radio, internet site, or via social media. This confidentiality provision does not preclude us from communicating the amount of the settlement to any lien holder for medical treatment provided in relation to this matter. The confidentiality

Initial Page _ST_

Initial Page _ST_

Initial Page _ST_



obligations contained in this paragraph are material and essential terms of this Confidential

Settlement and Release.  The parties acknowledge and agree that the confidentiality provisions

contained in this paragraph are mutually beneficial to all parties; and that all sums paid to me

pursuant to this Confidential Settlement and Release constitute damages under Section 104(a)(2)

of the Internal Revenue Code, as amended, and not for confidentiality purposes.  The only

exception to the confidentiality obligations of this paragraph are those required for approval of a

minor compromise set forth in the Minor Compromise provision below, which, as stated there,

require the relevant petition for minor compromise to be filed by Plaintiffs to be filed under seal

consistent with the Central District of California sealing requirements.

Further, we will not make any disparaging remarks, or any remarks that could reasonably

be construed as disparaging, regarding the Releasees in relation to the Action, the Incident, the

Claims or this Confidential Settlement and Release.  The non-disparagement obligations contained

in this paragraph are material and essential terms of this Confidential Settlement and Release.

We understand and agree that this Confidential Settlement and Release compromises

disputed claims; that Releasees expressly deny any liability in connection with the Action, the

Claims and the Incident; and that Releasees' payment of consideration is not to be construed as or

deemed as an admission of liability on the part of Releasees or any of them.

We have been advised fully of the contents and meaning of Section 1542 of the Civil Code

of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

Page 3 of 10

Initial Page

Initial Page

Initial Page

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.**

We hereby expressly waive the rights and benefits of Section 1542 of the Civil Code of

California, as well as all rights and benefits of any similar law of any jurisdiction, and we abandon

all claims, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, which

we now have or may have in the future against Releasees arising from the Incident or the Claims.

The above-mentioned sum is the entire and only consideration for this Confidential Settlement and

Release.

It is intended by the undersigned that this Confidential Settlement and Release shall be

complete and shall not be subject to any claim of mistake of fact or law by the undersigned, and

that it expresses the full and complete settlement of liability claimed against Releasees, and,

regardless of the adequacy or inadequacy of the amount paid, this Confidential Settlement and

Release is intended to avoid litigation and to be final and complete.

This Confidential Settlement and Release is inclusive of any and all liens or claims that

have been or may otherwise in the future be asserted by any medical practitioner who claims

reimbursement for the cost of treatment related to the Incident or Claims.  Releasees shall not in

any way be responsible for any outstanding liens that arise from the Incident, including but not

limited to any and all liens from attorneys, Medicaid, Medicare, insurance carriers and medical

providers, or other payments made by personal health insurers on our behalf as a result of the

Incident.

**Medicare**

Initial Page _____

Initial Page _____

Initial Page _____

We hereby acknowledge the following: (1) Under the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. §1395y(b), and its accompanying regulations ("the MSP Provisions"), the Centers for Medicare and Medicaid Services (the "CMS") in certain circumstances may have an obligation to seek reimbursement of Conditional Payments made by the Medicare program (Title XVIII of the Social Security Act) (the "Medicare Program") on claims for items and/or services relating to injuries allegedly sustained by an injured claimant; (2) the injured claimant is in the best position to determine if any reimbursement obligation exists based on the injured claimant's entitlement (or lack thereof) to Medicare Program benefits, the injured claimant's actual receipt of such benefits, and, if there is a reimbursement obligation, to ensure that the Medicare Program's interests are properly considered and discharged; (3) if there is a reimbursement obligation to the Medicare Program, an injured claimant and his counsel are responsible under the MSP Provisions to verify, resolve and satisfy such obligation and injured claimant and his counsel covenant and agree to verify, resolve and satisfy such obligation as a term, of this settlement; and (4) an injured claimant will report the settlement to the CMS pursuant to the MSP statute and regulations (even if an injured claimant and the released party do not agree that the evidence actually establishes liability for injuries allegedly sustained by an injured claimant and that there is any requirement to report the Settlement to the CMS).

We further voluntarily accept the risk that Medicare may demand reimbursement in excess of the amount of the settlement or may refuse to pay for services related to the injury, and we waive any and all claims of any nature and/or damages against Releasees should Medicare take such action, including, but not limited to, a Private Cause of Action against Releasees under 42 U.S.C. §1395y(b)(3)(A) of the MSP.

Page 5 of 10



Initial Page ___

Initial Page ___

Initial Page ___

We also covenant and agree to hold harmless and fully indemnify Releasees from, any and all claims, liens or demands of subrogation under the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), Pub.L.No. 110-173, 121Stat.2492 (2207), and Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b) (2008), or other applicable state or federal law, or as to any governmental, public or private liens, asserted by any other person or legal entity that has furnished, supplied and/or paid, or will furnish, supply and/or pay benefits, value or any form of compensation to or for me, for any claimed expense, detriment or damages arising out of or in any way connected to or resulting from our alleged injuries, the Incident or the Claims.   We acknowledge and understand that we am responsible for satisfying any and all claims and liens under the MMSEA, MSP, or other applicable law arising from medical care, workers' compensation or disability payments provided to us or arising from, the failure to make the payments and satisfactions described in this Paragraph.

We represent and warrant that there is no workers' compensation lien to be satisfied at the time of execution of this Confidential Settlement and Release.  This Confidential Settlement and Release is inclusive of any other lien or claim that has been, or may otherwise in the future be, asserted by any medical practitioner or workers' compensation carrier for payment of benefits that arises out of the Incident or Claims.

**Minor's Compromise**

As the Plaintiffs' Complaint and underlying Action includes claims for damages presented on behalf of a minor plaintiff in the amount of ████████ subject to court approval, the parties agree and acknowledge that Central District of California Local Rule 17-1 governs this agreement because it involves the settlement of a claim of a minor and therefore is subject to the approval of

Page 6 of 10



Initial Page ___

Initial Page ___

Initial Page ___

the Court. Pursuant to Central District of California Local Rule 17-1.2, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Pursuant to Central District of California Local Rule 17-1.3, "[i]nsofar as practicable, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to California Civil Procedure Code Section 372 and California Rule of Court 3.1384."

As a term of this agreement, Plaintiffs agree to file a petition for court approval of a settlement in this Action, in compliance with California Civil Procedure Code Section 372 and California Rule of Court 3.1384, as required by Central District of California Local Rule 17-1. Plaintiffs will file that petition under seal, consistent with the sealing requirements of the Central District of California. The Court will then hold a hearing on the petition for court approval of a settlement per Central District of California Local Rule 17-1.3. If the Court approves the petition regarding the settlement, the total settlement amount of ███████ will be paid in the manner described in the Order of the Court approving the Minor's Compromise, in accordance with Central District of California Local Rule 17-1. If the Court does not approve the petition for the settlement of funds and order disbursement of the funds accordingly, this settlement agreement is null and void and Releasees will not be obligated to pay Plaintiffs any sum of money whatsoever.

**Additional Terms**

We represent that no portion of any claim, right, demand, action, or cause of action that we have or might have arising out of the Action, the Incident, and the Claims alleged against Releasees, or any portion of any recovery or settlement to which we might be entitled from

Initial Page ___

Initial Page ___

Initial Page ___

Releasees, has been assigned or transferred to any other person, entity, or corporation in any manner, including by way of subrogation or operation of law.

Plaintiffs Scott Thompson and Danielle Thompson agree and represent that either of them may bindingly execute this Agreement on behalf of minor child A.T., and that both parents represent and agree that a signature by either of them on behalf of A.T. is enforceable and binding, and in no event may the other parent challenge or dispute the execution of this Agreement on behalf of A.T. by either parent.

In the event that any claim, demand, or suit should be made or instituted against Releasees by a lienholder pertaining to any lien, payment, claim, or assignment, or subrogation or transfer by us, we agree to indemnify and hold harmless Releasees against any such claim, suit, or demand.

This Confidential Settlement and Release contains the entire agreement of the parties with regard to the matters set forth in it. No promises, inducements or representations other than those set forth herein have been made, offered, or agreed upon. The terms of this Confidential Settlement and Release are contractual and not mere recitals.

The terms of this Confidential Settlement and Release are severable. If any term of this Confidential Settlement and Release is held by a court to be invalid or unenforceable, then the remainder of the terms hereof shall not be affected, and each provision shall be enforced to the fullest extent permitted by law.

We understand that we shall be responsible for the payment of our own attorneys' fees, legal expenses and costs, as well as any tax consequences arising from the Claims, the Incident and this Confidential Settlement and Release, and all related matters. We acknowledge that, subsequent to the execution of this Confidential Settlement and Release, we may incur additional

Initial Page

Initial Page

Initial Page

costs, attorney's fees, and/or expenses in order to obtain an order approving the minor's compromise, and that such costs are not presently capable of being ascertained.

We represent and warrant that we have read this Confidential Settlement and Release, and that in executing this Confidential Settlement and Release, we have had the opportunity to obtain legal advice from attorneys of our own choosing as to its terms and its consequences. We further represent and warrant that the terms of this Confidential Settlement and Release are fully understood and voluntarily accepted. We further represent and warrant that we sign the same knowingly and of our own free will.

We represent that we have full authority to execute this Confidential Settlement and Release and that it shall be binding upon and inure to the benefit of our heirs, executors, administrators, successors and assigns.

The laws of the State of California shall govern this Confidential Settlement and Release, without reference to the conflict of laws principles of any jurisdiction. Any action to enforce this Confidential Settlement and Release shall be commenced only in the United States District Court for the Central District of California.

We have carefully read the foregoing and know and understand the contents hereof. We sign the same as our own free act and it is our intention to be legally bound hereby.

Dated: _____5/19/2025_____        DocuSigned by:

_____
Scott Thompson

Initial Page ST
Initial Page 2
Initial Page ST

Dated: _____5/19/2025_____

Danielle Thompson

Dated: _____5/19/2025_____

A█████ T█████, a Minor, by and through
his guardian, Scott Thompson

**Approved as to Form and Content**

Dated: May 29, 2025

Francis J. "Casey" Flynn, Jr.
**Attorney for Plaintiffs**

Dated: May 29, 2025

Name: **Kimberly L. Agas**
**Title:**
**For Disney Vacation Club Hawaii**
**Management Company, LLC**

**Approved as to Form and Content**

Dated: _____5/29/2025_____

**Alan Schoenfeld**
**Attorney for Releasees-Defendants**

Initial Page ST
Initial Page ST
Initial Page ST

# EXHIBIT 2

# <u>CONTINGENCY FEE AGREEMENT AND RETAINER</u>

It is hereby agreed by and between the undersigned client (the "Client") and **LAW OFFICE OF FRANCIS J. FLYNN, JR. and CONSUMER PROTECTION LEGAL, LLC** (hereinafter referred to as the "Firm" or "Firms") that the Client retains The Firm to represent the Client in connection with potential claims against **WALT DISNEY PARKS AND RESORTS U.S., INC.** and/or any other related entities (hereinafter collectively referred to as the "Defendants") for claims related to the unfair and/or deceptive marketing, advertisement, sale, maintenance, safety, and/or other related business practices in connection with Defendant's resort accommodations and any damages and injuries related thereto This Retention Agreement explains the terms of the agreement between the Client and the Firm.

**1. Scope of Representation.**

**a. In General.**

The Client hereby authorizes The Firm to represent the Client and to take all actions that, in the professional opinion of the Firm, may be necessary to investigate and prosecute all viable claims against the Defendants for engaging in the aforementioned acts and/or practices, including pursuing class action litigation in federal or state court.

**b. Potential Class Claims.**

i.          The Client authorizes The Firm to file claims not only on behalf of the Client, but also on behalf of other similarly situated individuals with similar Claims (the "Potential Class"), naming Client as a Class Representative if the Firm, in its professional judgement, determines that the Client is a suitable Potential Class Representative.

ii.         The Client understands that in the event of litigation or a settlement on behalf of the Potential Class, the Client and The Firm will have certain specific legal responsibilities that are described in Exhibit A ("Duties to the Class").

**2. Association of Additional Counsel.**

The Firm shall have the option, on reasonable consultation with the Client, to associate additional counsel to assist in prosecuting the Claims (herein after referred to as "Counsel"). If this option is exercised by The Firm, it will not affect the attorneys' fees to be paid by the Client.

**3. No Representation or Guarantee As To Outcome.**

While the best efforts of The Firm will be used on behalf of the Client's interests, no guarantee of any particular outcome can be made in litigation matters generally, or in this matter specifically.

**4. Duties of the Client.**

During the course of representation, the Client agrees to cooperate fully with The Firm, to advise The Firm fully of all pertinent matters, to provide truthful and accurate information to the best of Client's knowledge, and not disclose attorney work product and attorney-client communications.

**5. Attorneys' Fees and Litigation Expenses.**

**a. Litigation Expenses.**

The Client understands that The Firm will advance all legal and investigative costs in connection with representing the Client and the Potential Class under this Agreement and that, therefore, The Firm has an ownership interest in the causes of action and Claims to the extent of the fees and reimbursable expenses payable to The Firm under this Agreement. The Client understands and agrees that The Firm shall be reimbursed out of any recovery as set forth below for all costs they advance after deduction of attorneys' fees and prior to distribution to the Client.

1

For purposes of this Agreement, costs may include, but are not limited to, filing fees, court costs, costs of service by special process, costs of court reporters, videographers, and related deposition or transcript expenses, copying and printing costs, long distance telephone calls, facsimile transmissions, computerized legal research, document reproduction, coding and organization services, administrative processing fees, delivery charges, graphic design, travel expenses, consultant's fees, and investigative and expert witness services.

**b.  Fees and Expenses In the Event of No Recovery.**

In the event there is no recovery, The Firm will **not** be entitled to recover any legal fee or costs from the Client, except in the event that the Client terminates representation, as explained below.

**c.  Fees and Expenses In the Event of a Class Recovery.**

In the event of a monetary recovery on behalf of the Proposed Class, or any similar class, The Firm will apply to the court for reimbursement of their costs and payment of their attorneys' fees by the Defendants pursuant to any applicable law. In addition, the Client understands and agrees that The Firm retains the right to seek reimbursement of their fees and costs pursuant to the Common Fund doctrine from any class-wide monetary recovery that may be obtained from the Defendants.  Additionally, the Client understands that The Firm will share the fees recovered with Counsel according to agreement.

**d.  Fees and Expenses In the Event of an Individual Recovery.**

If the Client obtains an individual monetary recovery for any claim prosecuted under this Agreement, whether by settlement, arbitration award, or court judgment, The Firm shall be entitled to the greater of: (1) one-third (33.33%) of any settlement or recovery obtained for the Client; (2) any attorneys' fees recovered from the Defendants as provided below; or (3) court awarded attorneys' fees, whichever is greater. In addition, The Firm shall be entitled to reimbursement of litigation expenses they have advanced. The legal fee will be deemed earned in full upon the issuance of a final order of a court or agency of competent jurisdiction, arbitrator, or upon execution by all parties of a settlement agreement. Payment of the fee shall be deferred until recovery is effectuated, whether or not effectuated by The Firm. Additionally, the Client understands that The Firm will share the fees recovered according to agreement.

**e.    Fees Paid by the Defendants.**

The Client understands and agrees that all attorneys' fees that may be recovered from the Defendants, whether by settlement, arbitration award, or court judgment, or pursuant to any law, shall belong solely to The Firm and The Firm will make any necessary allocation of fees among The Firm and any Counsel.  Additionally, the Client understands that The Firm will share the fees recovered with Counsel according to agreement.

**6.    Attorneys' Lien.**

You hereby grant the Firm a lien on any of the Claims that are the subject matter of this agreement.  The Attorneys' lien will be for any sums due and owing by Client to Attorneys at the conclusion or termination of Attorneys' services. The lien will attach to any recovery Client may obtain based on the Claims that are the subject matter of this Agreement, whether by judgment, settlement or otherwise.

**7.  Discharge of Representation**

If the Client discharges the Firm or the Firm discharges Client and Client retains other attorneys to substitute the Firm or proceeds *pro se* (i.e., without a lawyer) and the Client subsequently receives a favorable judgment and/or settlement, then the Client shall be obligated to pay the Firm from the judgment and/or settlement proceeds all costs incurred or advanced by

the Firm to the date of the discharge or substitution.  Furthermore, in the event that the Client retains other attorneys or proceeds *pro se*, the Firm shall have the option to have a court, at any time prior or subsequent to the conclusion of the case, fix a percentage of any recovery as the Firm's fee.

**8.   Total Agreement.**

This Agreement represents the total agreement between the Client and The Firm regarding attorneys' fees and litigation expenses and other terms involving representation of the Client by The Firm.  Any modifications, additions, or other changes to this Agreement shall be made only in writing and signed by the Client and The Firm.

**9.   Execution of Agreement.**

This Agreement may be executed in two or more counterparts, each of which may be deemed an original, but all of which shall constitute one and the same document.

**BY SIGNING BELOW, THE PARTIES INDICATE THAT THEY HAVE READ THE TERMS OF THIS CONTINGENCY FEE AND RETAINER AGREEMENT, AND AGREE TO THOSE TERMS:**

By: _____   Date: 4/8/2023 _____
**DANIELLE THOMPSON, individually and on behalf of A.T., a Minor**

By: _____   Date: 4/10/2023 _____
**SCOTT THOMPSON, individually and on behalf of A.T., a Minor**

By: _/s/ Francis J. "Casey" Flynn, Jr._____   Date: _4/10/2023____
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**

By: _/s/ Tiffany Marko Yiatras_____   Date: _4/10/2023____
**CONSUMER PROTECTION LEGAL, LLC**

# EXHIBIT A
## DUTIES TO THE CLASS

If you represent a class in litigation or settlement, you and your attorneys will have to meet certain legal standards, and will have certain special responsibilities that do not exist in a purely individual case.  Below is a short description of those duties and responsibilities.

1.    **You Are Representing the Interests of the Class.**   "The class" is the group of similarly situated people who have been affected by the challenged conduct.  You and your attorneys will owe a "fiduciary duty" to the class.  In general, this means that your and our primary goal is to advance the interests of the class, which includes you, ahead of your own personal interests or objectives, and that you are obligated to seek the best possible result for the class, even if it is not the best possible result for you personally.

2.    **Objectives of the Litigation or Settlement.**  The two main objectives of any litigation or settlement on behalf of the class will be to obtain fair monetary relief to compensate the losses of the class and to establish systematic programmatic changes at the Company to stop the challenged conduct from occurring or prevent it from happening again in the future.

3.    **Duties as a Class Representative.**   As a class representative, the Court requires that you will adequately and fairly represent the class.  This is your duty.  Here is how you are expected to accomplish that duty:

a.    You must be generally familiar with the litigation.

i.    This does not mean that you must know every aspect of this litigation.  We will keep you informed of major events and this will satisfy your duty.  If a complaint is filed, you should read the complaint and understand it generally.  You should know who the parties are.  You should know why you are suing.

ii.    You may and should confer with us at any time you feel it is appropriate to do so.

b.    You must vigorously prosecute the litigation.  This basically means you will authorize your attorneys to do what is necessary to successfully prosecute this case on behalf of the class.  You have done so and we will vigorously pursue this case.

c.    You must hire lawyers experienced in class action litigation.  Your lawyers have national experience in class actions.  We will select co-counsel and local counsel who will have sufficient experience to satisfy the Court.

d.    You must preserve and retain all paper files and electronically stored information ("ESI") related to this case and suspend all automatic disposal, deletion, or recycling of paper and electronic files (e.g., emails).

i.    You must take the following steps to ensure that all information related to this matter is saved and preserved including, but not limited to: hard-copy documents; e-mails; electronic documents; pictures; text messages; data generated by calendaring; task management software; data created with the use of computer device, and/or document management software; data created with the use of paper and electronic mail logging and routing software; electronic activity logs; and personal e-mail accounts.

ii.    You must preserve all potentially relevant information, regardless of whether it is contained on business or personal computers, cell phones, iPhones, iPads, or any other media such as Dropbox, box.com, Facebook, Twitter, and Instagram.

iii.    It is important not to alter the data that exists, whether it is on your computer, stored in the cloud or stored on a social media site.

4.    **Notice to the Class.**  You may be responsible for providing notice to the class,

depending on whether the federal rules or the judge requires such notice. We will undertake this task on your behalf and we will be responsible for all costs. Notice is usually accomplished by mail to identifiable class members and publishing the notice in a newspaper.

5.      **Time Commitments.** You will be expected to make certain time commitments to the case. These typically include making yourself available for conference calls to discuss the case and/or to provide information. If a case is filed, you may have to work with your attorney to gather documents relevant to the case and/or provide answers to written discovery. If the case is filed, you may also have to appear for a deposition with your attorney. If a case goes to trial or if there is a class settlement, you may have to appear in court.

6.      **Confidentiality.** You will be expected to protect certain information from being disclosed to anyone other than your attorneys. This means that you should not discuss litigation strategy or other confidential matters with anyone else, including other potential class members, unless one of your attorneys is present. There also may be court orders or agreements with the defendant that require certain documents, discussions, or other matters to be kept secret. In those circumstances, we will review those orders or agreements with you, and you must abide by them.

7.      **No Special Treatment.** You have not been promised any special treatment above the treatment which may be awarded to other class members.

8.      **Publicity.** In general, the attorneys will only publicize information about you or about the case if a case is filed or if there is a class settlement. In those circumstances, certain information about you and the case will automatically become public, and may receive a great deal of media or other public attention.

9.      **You Do Not Have a Duty to Investigate or to Be an Expert.** It is a good practice for you to familiarize yourself with the allegations in the Complaint, if one is filed, to keep a file on this matter, to read information we provide to you, and to stay generally abreast of developments. However, you have no duty to investigate or to be an expert.

10.     **Settlement.** If this case settles on a class-wide basis and does not go to trial, the settlement must be approved by the Court. You are entitled to object to the settlement if you do not agree with our recommendation to settle. We will consult you before recommending a settlement.

11.     **Judicial Approval.** In prosecuting a class action, all of our actions are subject to judicial supervision and approval and courts take that approval seriously.

<u>**I HAVE REVIEWED AND ACKNOWLEDGED MY DUTIES AS A**</u>
<u>**CLASS REPRESENTATIVE IN THIS CLASS ACTION LITIGATION.**</u>

By: _____    Date: _4/8/2023_____
**DANIELLE THOMPSON, individually and on behalf of**
**A.T., a Minor**

By: _____    Date: _4/10/2023_____
**SCOTT THOMPSON, individually and on behalf of**
**A.T., a Minor**

# EXHIBIT 3

## LAW OFFICE OF FRANCIS J. FLYNN, JR.
## CONSUMER PROTECTION LEGAL, LLC

## STATEMENT OF ACCOUNTING

**Case:** *Scott Thompson, et al.  v. The Walt Disney Company, et al.*

The following represents a final accounting in the above-entitled case. Incorporated by reference are all of the terms you agreed to in your executed Release. Please read it carefully and if it is not in accordance with your understanding, please let us know and do not sign it.

I, *Scott Thompson, individually and as parent and guardian of his Minor Child A____ T_____* and *Danielle Thompson* have authorized our attorneys, Law Office of Francis J. Flynn, Jr. and Consumer Protection Legal, LLC, to settle the Aulani case with THE WALT DISNEY COMPANY, DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I, AND DISNEY VACATION DEVELOPMENT, LLC, and DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC. for the sum of $_____.

It is our understanding that the settlement will be disbursed as follows:

**Gross Settlement**                                                        ████

    Gross Allocation to Danielle and Scott Thompson:            ████

    Gross Allocation to A____ T_____, a Minor:                 ████

Less Attorneys' Fees (originally 33.33%, reduced
to 25%):                                                   ████[1]          ████

    Law Office of Francis J. Flynn, Jr.                         ████
    Consumer Protection Legal, LLC                              ████

Less Case Costs:                                  (Waived)                  - $0.00

**Net Settlement Amount:**                                        $ ████

    Net Allocation to Danielle and Scott Thompson:          $ ████

    Net Allocation to A____ T_____, a Minor                $ ████

I understand that the settlement described herein, including the method of distribution of the "Net Allocation to A____ T_____, a Minor , is subject to court approval. As such, I understand that the Net Allocation to A____ T_____, a Minor and Net Allocation to Danielle and Scott Thompson and the method of distribution may ultimately be amended by court order.

---

[1] Pro Rata Allocation of Attorneys' Fees, resulting in ████ attributable to A____ T_____, a minor, and ████ attributable to Scott Thompson, individually, and Danielle Thompson

I understand that I am responsible for any medical liens and bills that may be due. I also understand that if there are any other medical bills or liens that are due and owing to anyone, including but not limited to any insurance company, employer, government entity, any state or county, any doctors, hospitals, or other health care providers, and if I do not advise my attorneys in writing at this time of said liens or bills and authorize my attorneys to pay such liens or bills owed from the settlement money, I am agreeing to and will assume full responsibility for the payment of such liens or bills.

I understand and I have been advised that I do not have to accept payment in a lump sum, and that I have the option of consulting with any other company for advice regarding payment options and the advantages or disadvantages to each, including the option to receive all or part of my settlement in payments over time in the form of a structured settlement or annuity instead of an immediate lump sum payment.  I understand that if I elect to have the funds distributed in a lump sum amount instead of an annuity over time that I may be prevented from obtaining certain tax advantages afforded by structured settlements. By indicating and signing below, I am agreeing to have my attorneys distribute the above-indicated "Net Now Due to Client" in the manner I identify below:

**__X__**    **Blocked Account Payment (if selecting this option, you must initial each of the following)**

> ▪ *Your funds will be wired to the Blocked Account Information provided and consistent with the Court Order to Deposit Funds in Blocked Account.*



I understand that I am responsible for preserving any government or needs-based benefits such as SSI, Medicaid, food stamps (SNAP), TANF, Section 8 housing, etc.

I agree that my attorneys have not made any representations concerning my continued receipt of these benefits.

I agree that my attorneys are not representing me in the protection of these benefits.

I have been adequately advised of the need to protect such benefits.

I represent that I am either declining such advice or represent that I do not need such protection of benefits.

I represent that I am declining a structured settlement and the tax-free benefits provided within a structured settlement annuity as outlined in Internal Revenue Code sections 104(a)(2) and 130(c).

**_____**    **Uniform Transfer to Minors Act Account Payment (if selecting this option, you must initial each of the following)**

> ▪ *Your funds will be wired to the UTMA Account Information provided*

**_____**    I understand that I am responsible for preserving any government or needs-based benefits such as SSI, Medicaid, food stamps (SNAP), TANF, Section 8 housing, etc.

**_____**    I agree that my attorneys have not made any representations concerning my continued receipt of these benefits.

_____ I agree that my attorneys are not representing me in the protection of these benefits.

_____ I have been adequately advised of the need to protect such benefits.

_____ I represent that I am either declining such advice or represent that I do not need such protection of benefits.

_____ I represent that I am declining a structured settlement and the tax-free benefits provided within a structured settlement annuity as outlined in Internal Revenue Code sections 104(a)(2) and 130(c).

**_____ Lump-Sum Check Payment (if selecting this option, you must initial each of the following)**

▪ *Your funds will be sent in the form of a check to the address on file*

_____ I understand that I am responsible for preserving any government or needs-based benefits such as SSI, Medicaid, food stamps (SNAP), TANF, Section 8 housing, etc.

_____ I agree that my attorneys have not made any representations concerning my continued receipt of these benefits.

_____ I agree that my attorneys are not representing me in the protection of these benefits.

_____ I have been adequately advised of the need to protect such benefits.

_____ I represent that I am either declining such advice or represent that I do not need such protection of benefits.

_____ I represent that I am declining a structured settlement and the tax-free benefits provided within a structured settlement annuity as outlined in Internal Revenue Code sections 104(a)(2) and 130(c).

**_____ Special Needs Trust Payment (if selecting this option, you must initial each of the following)**

▪ *Your funds will be deposited into a Special Needs Trust.*

_____  _____ I agree that I have been determined to be disabled by either the Social Security Administration or Medicaid.

_____ I agree that it is my responsibility to communicate my need for a Special Needs Trust and provide trust payment instructions to my attorneys in writing and have been given contact information to assist me.

**_____ Structured Settlement (if selecting this option, you must initial each of the following)**

▪ *100% of your settlement proceeds will be placed in a Structured Settlement.*

3

_____ I understand that structured settlement payments alone will not protect my needs-based benefits.

_____ I understand that it is my responsibility to verify how structured settlement payments are handled in my specific state of residence so that I do not lose my needs-based benefits.

**_____ Combination of a Blocked Account Payment, Uniform Transfers to Minor Act Payment, Structured Settlement Annuity, AND/OR a Special Needs Trust (if selecting this option, please initial the specific sections related to the payout options you have chosen to combine)**

▪ *A portion of your funds your settlement award will be placed in a Blocked Account, Uniform Transfers to Minors Act Account, Structured Settlement Annuity or Trust and any remaining balance will be sent to you in the form of a Lump-Sum check to the address on file*

I understand that, depending on my circumstances, this settlement has the potential to reduce the amount of any needs-based government benefits that I receive or disqualify me altogether. I understand that I was given the opportunity to consult with my attorney, case worker, elder law attorney, or a consultant of my choosing before deciding on how to proceed. I understand that my attorneys do not render legal advice in regard to my continued eligibility for needs-based government programs nor do they provide tax advice. I understand that I should consult with a tax advisor, elder law attorney or another professional should I need tax advice related to needs-based benefits.

**Tax Consequences of Settlement**

You are responsible for the reporting of this settlement on your tax return(s), if necessary. You are also responsible for the payment of taxes, if any, in connection with the damages recovered in this settlement. The attorneys at the law firm of Law Office of Francis J. Flynn, Jr. and Consumer Protection Legal, LLC are not tax professionals. Law Office of Francis J. Flynn, Jr. and Consumer Protection Legal, LLC has not and will not be providing any tax advice to you regarding this or any other matter, and we strongly encourage you to consult with a tax advisor regarding this matter. When consulting with a tax advisor regarding this matter, we urge you to keep in mind the confidentiality provisions of the settlement.

Date: 6/11/2025 _____

SCOTT THOMPSON, individually and as parent and guardian of A█████ T████████ a minor

Date: 6/11/2025 _____

DANIELLE THOMPSON, individually and as parent of A█████ T████████ a minor

4

# EXHIBIT 4

Francis J. "Casey" Flynn, Jr., SBN 304712
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
6057 Metropolitan Plz.
Los Angeles, California 90036
Telephone: 314-662-2836
Email: casey@lawofficeflynn.com

**ATTORNEYS FOR PLAINTIFF**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **SCOTT THOMPSON, individually and as parent and guardian of his Minor Child A.T., and DANIELLE THOMPSON, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE WALT DISNEY COMPANY; DISNEY VACATION CLUB HAWAII MANAGEMENT COMPANY, LLC, D/B/A AULANI, A DISNEY RESORT & SPA, KO OLINA, HAWAI'I; AND DISNEY VACATION DEVELOPMENT, LLC, and DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC.,**<br><br>*Defendants.* | **Case No.: 2:23-cv-09441-FMO-SK**<br><br>**[PROPOSED] ORDER TO DEPOSIT FUNDS IN BLOCKED ACCOUNT**<br><br>**[FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 3/17/2025 and 3/21/2025]** |

The petition of SCOTT THOMPSON, acting as parent and Guardian ad Litem of A████ T█████████, a minor, to deposit $███████ in settlement funds in one or more federally insured, interest bearing blocked accounts is presently before the Court.

THE COURT ORDERS

-1-
**ORDER TO DEPOSIT FUNDS IN BLOCKED ACCOUNT**

1.    Funds that belong to A███████ T██████████, a minor, must be deposited in one or more interest-bearing federally insured blocked accounts.

2.    Each account must be opened in the legal name of the petitioner as parent and guardian of A███████ T██████████: SCOTT THOMPSON, as parent and guardian of A███████ ████████.

3.    The total amount authorized for deposit is: $██████████.

4.    The funds in the federally insured, interest bearing blocked account or accounts belong to a minor, who was born on ██████████.

5.    No withdrawal of the principal or interest may be made from the blocked account or accounts without a written court order until this minor reaches 18 years of age.

6.    When the minor reaches 18 years of age, the depository, without further order of court, is authorized and directed to pay by check or draft directly to the former minor, on proper demand, all funds, including interest, deposited under this order.  The money on deposit is not subject to escheat.

7.    The petitioner and the petitioner's attorney, if any, must: (1) deliver a copy of this order to each depository in which funds are deposited under this order and (2) file with this court an acknowledgment from each depository of receipt of this order and the funds within 15 days of deposit.

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**ORDER TO DEPOSIT FUNDS IN BLOCKED ACCOUNT**